# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    :
           :   ID No. 1304003168
   v.       :   In and For Kent County
           :
JAMES A. WILSON,    :
           :
   Defendant.    :

## ORDER

Submitted: June 25, 2019
Decided: July 11, 2019

On this 11th day of July, 2019, having considered Defendant James A. Wilson's ("Mr. Wilson's") motion for new trial, and the State's response in opposition, it appears that:

1. A jury convicted Mr. Wilson in March 2016 of Assault in the Second Degree and related driving offenses. At the time of the motor vehicle collisions forming the basis for the felony assault conviction, he was fleeing from Dover police officers.

2. Mr. Wilson filed a direct appeal to the Delaware Supreme Court. On April 27, 2017, the Supreme Court granted the State's motion to affirm his conviction.[1]

3. Next, Mr. Wilson filed a motion pursuant to Superior Court Criminal Rule 61. In that motion, he argued that his counsel was ineffective for not properly challenging the search warrant that the police executed at his business. When Mr.

---

[1] *Wilson v. State*, 161 A.3d 672, 2017 WL 1535147, at *1 (Del. Apr. 27, 2017) (TABLE).

Wilson observed the police executing the warrant, he fled in his car and crashed into the victim's vehicle. This Court denied the motion and on appeal, the Supreme Court affirmed the denial.[2] When doing so, it noted that "[a]ny illegality in the search warrant was immaterial in Wilson's prosecution for Assault in the Second Degree and the other offenses arising from the motor vehicle collision he caused when he fled from the police."[3]

4. His present motion seeks a new trial based on two grounds. First, he argues that a witness interview and a video of the incident that the State provided to his counsel prior to trial, is "newly discovered evidence." Second, he argues that although the State charged him with no drug offenses, misconduct at the Office of the Chief Medical Examiner ("OCME") constituted *Brady* material in his case. He now alleges his attorney was deficient in not seeking that material.

5. Pursuant to Superior Court Criminal Rule 33, the Court may grant a new trial on the defendant's motion if it is required in the interest of justice. If the motion is made on the basis of newly discovered evidence, it must be filed within two years of final judgment. Mr. Wilson timely filed the present motion. As provided in Rule 33, this Court stayed the matter while Mr. Wilson appealed the denial of his Rule 61 motion.[4]

6. First, Mr. Wilson's motion for a new trial based upon his claim that the statement and video constituted newly discovered evidence is without merit. The State provided this evidence to his defense counsel prior to the trial. Accordingly, the interest of justice does not require a new trial on that basis.

---

[2] *Wilson v. State*, 202 A.3d 1124, 2019 WL 318447, at *1 (Del. Feb. 5, 2019) (TABLE).
[3] *Id.*
[4] *See* Super. Ct. Crim. R. 33 (providing that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.").

2

7.      Second, Mr. Wilson also filed an amended motion for new trial arguing that past OCME transgressions warrant a new trial. This argument also has no merit. Namely, the State did not charge him with drug offenses. Pursuant to *Brady v. Maryland*, the State must disclose to the defense evidence that is favorable to the defendant, either because it is exculpatory or because it is impeaching.[5] Mr. Wilson fails to demonstrate how such unrelated evidence would have benefitted him at trial in any way. In addition, no witnesses testified at his trial that would have been subject to impeachment on the basis of any such evidence.

8.      On balance, this second portion of Mr. Wilson's motion for new trial seeks to supplement his prior Rule 61 motion which the Court previously denied. In addition to this information not constituting newly discovered evidence, Mr. Wilson's motion is more appropriately considered as a subsequent motion pursuant to Superior Court Criminal Rule 61(d)(2)(i). The relevant portion of Rule 61 requires that a subsequent motion be denied unless Mr. Wilson demonstrates that "new evidence exists that creates a strong inference that [he] is actually innocent."[6] He sets forth no such basis in his motion, amended motion, or subsequent correspondence that would warrant such an inference.

**WHEREFORE**, for these reasons, Defendant James Wilson's motion for new trial is hereby **DENIED**.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

JJC:jb

---

[5] *Cooper v. State,* 992 A.2d 1236, 2010 WL 1451486, at *2 (Del. Apr. 12, 2010) (TABLE).
[6] Super. Ct. Crim. R. 61(d)(2)(i).